IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RICHARD MIMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:12-cv-887-MEF |
| | ) | (WO – Do Not Publish) |
| STATE OF ALABAMA, | ) | |
| and AGENT D. BOGAN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This lawsuit arises from Plaintiff Richard Mims's ("Plaintiff" or "Mims") arrest on a public intoxication charge on October 7, 2011. Mims claims that he was arrested without probable cause and subjected to the use of unreasonable and excessive force in violation of his constitutional rights. Before the Court is the Motion to Dismiss for Failure to State a Claim and for Lack of Subject Matter Jurisdiction (Doc. #8) filed by Defendants State of Alabama ("State of Alabama") and Agent Demetrius Bogan ("Bogan") (collectively, "Defendants") on November 8, 2012. For the reasons explained herein, the Court finds that Defendants' motion is due to be GRANTED IN PART and DENIED IN PART.

**FACTUAL AND PROCEDURAL BACKGROUND[1]**

On October 7, 2011, Mims entered a local store in the North Cherry Street area of Dothan, Alabama to use the restroom. Bogan and a few of his colleagues were in the area

---

[1] This recitation of facts is derived from Plaintiff's Complaint (Doc. #1). As is required at the motion to dismiss stage, the Court will take as true all factual allegations as pled in the Complaint.

outside of the store.  At all times pertinent to this lawsuit, Bogan was working as an agent of the Alabama Alcoholic Beverage Control Board (the "ABC Board"), an agency of the State of Alabama.

Mims exited the store after using the restroom when he was suddenly "accosted by Bogan." (Doc. #1, ¶ 4.)  Bogan asked Mims to blow in a breathalyzer machine.  Because Mims was not under arrest, was not the target or subject of any investigation, and had not committed any crime at the time Bogan made his request, Mims refused to submit to the breathalyzer test.  (Doc. #1, ¶ 4.)  Bogan became "enraged that Mims did not want to participate in his impromptu breathalyzer test," and as a result, Bogan arrested Mims, handcuffed him, and told him to stand in a specific location.  (Doc. #1, ¶ 5.)  Bogan charged Mims with public intoxication.

At the time of arrest, Mims was over sixty years old and had suffered from various physical ailments that affected his bones and joints and limited his flexibility in his legs.  Nevertheless, and without provocation or reason, Bogan, in one motion, forcefully kicked Mims's feet out from under him and threw him onto the pavement.  At the time, Mims was still handcuffed and could not resist or otherwise shield himself from "the blows of both Bogan and the concrete pavement." (Doc. #1, ¶ 6.)  Following this incident, Mims sought medical attention and was diagnosed with sciatic and chronic back pain and hip pain.

Mims contends that "Bogan's conduct was willful, malicious, intentional, and completely in bad faith, as Mims did nothing to warrant being subjected to such cruel and unconstitutional behavior." (Doc. #1, ¶ 6.)  Mims also contends that "Bogan lacked both

actual and arguable probable cause to believe" that Mims had committed any crime, including public intoxication. (Doc. #1, ¶ 6.) Mims was tried for public intoxication and found not guilty.

On October 11, 2012, Mims filed his Complaint, asserting various federal and state law claims against Defendants. More specifically, Mims's Complaint asserts the following claims: (1) a claim against Bogan for deprivation of Mims's Fourth Amendment rights through the use of unreasonable and excessive force in violation of 42 U.S.C. § 1983 (Count A); (2) a claim against the State of Alabama for negligent retention and failure to train and supervise its law enforcement officers, including Bogan, in violation of 42 U.S.C. § 1983 (Count B); (3) a state law battery claim against Bogan (Count C); and (4) a claim against Bogan for deprivation of Mims's Fourth Amendment rights through false/unlawful arrest in violation of 42 U.S.C. § 1983 (Count D). (Doc. #1.) In his prayer for relief, Mims seeks compensatory and punitive damages, injunctive relief, costs of court, and reasonable attorney's fees. (Doc. #1, Prayer for Relief.)

On November 8, 2012, Defendants moved to dismiss certain claims in Mims's Complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. Specifically, Defendants moved to dismiss all claims against the State of Alabama, the Fourth Amendment excessive force claim against Bogan, the official capacity state law battery claim against Bogan, and any claim for injunctive relief.[2] Defendants argue that

---

[2] Defendants do not seek dismissal of Mims's state law battery claim against Bogan in his individual capacity.

Mims's claim against the State of Alabama for negligent retention and failure to train and supervise its law enforcement officers is due to be dismissed because the State of Alabama is not a "person" subject to suit under § 1983 and because the State of Alabama has not waived its sovereign immunity from such suits under the Eleventh Amendment. Defendants argue that Mims's state law battery claim brought against Bogan in his official capacity is due to be dismissed because this claim is essentially a claim against the State of Alabama and, consequently, is barred by Eleventh Amendment sovereign immunity. Finally, Defendants argue that Mims's Fourth Amendment excessive force claim is due to be dismissed because it is subsumed within his false arrest claim and his request for injunctive relief is due to be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. (*See* Doc. #9.)

In response, Mims concedes dismissal of all claims asserted against the State of Alabama and against Bogan in his official capacity. Mims further clarifies that his request for injunctive relief, specifically, an "order enjoining Agent D. Bogan from serving as an agent for the any [sic] law enforcement agency that operate [sic] in a public school setting, as this poses a risk of danger to citizens," was simply for his "personal protection" and for the "protection of the public" and was not "meant to be construed as an official action or request for injunctive relief." (Doc. #1, Prayer for Relief.) Mims does oppose, however, dismissal of his Fourth Amendment excessive force (Count A) and false arrest (Count D) claims, arguing that his excessive force claim is not subsumed into his false arrest claim because Mims' purported false arrest does not form the sole basis of his excessive force

4

claim. In other words, Mims argues that he can pursue alternative theories of recovery because the use of excessive force occurred separately and independently from his otherwise peaceful arrest. (*See* Doc. #13.)

The parties' arguments are addressed in turn below.

## STANDARD OF REVIEW

**1.    Rule 12(b)(1)**

Federal courts have limited jurisdiction. To establish a claim in federal court, the plaintiff must display complete diversity of citizenship or raise a question of federal law for subject matter jurisdiction to exist. The Eleventh Circuit recognizes two challenges to a district court's exercise of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure: facial and factual attacks. *See Whitson v. Staff Acquisition, Inc.*, 41 F. Supp. 2d 1294, 1296 (M.D. Ala. 1999). "A facial attack questions the sufficiency of the pleading and the plaintiff enjoys similar safeguards to those provided when opposing a motion to dismiss" under Rule 12(b)(6). *Id.* "The court accepts the plaintiff's allegations as true, construes them most favorably to the plaintiff, and will not look beyond the face of the complaint to determine jurisdiction." *Id.* "A factual attack, on the other hand, permits 'the trial court [to] proceed as it never could under [Rule] 12(b)(6).'" *Id.* (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (per curiam)). A district court may consider "matters outside the pleadings, such as testimony and affidavits[.]" *Lawrence*, 919 F.2d at 1529. Indeed, to determine whether it has the power to hear a case, the district court "may weigh the evidence to confirm its jurisdiction." *Whitson*, 41 F. Supp. 2d at 1296. "'No

presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts does not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" *Id.* (quoting *Dunbar*, 919 F.2d at 1529).

Defendants' motion presents a facial attack on the Court's subject matter jurisdiction over Mims's negligent training and retention claim against the State of Alabama, his official capacity claims against Bogan, and his request for injunctive relief against Bogan. (*See* Doc. # 9.)

### 2.     Rule 12(b)(6)

In considering a Rule 12(b)(6) motion to dismiss, "the court accepts the plaintiff's allegations as true . . . and construes the complaint liberally in the plaintiff's favor." *Id.* at 1297. Further, a district court must favor the plaintiff with "all reasonable inferences from the allegations in the complaint." *Stephens v. Dep't of Health and Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (internal quotations omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint does not state a facially plausible claim for relief if it shows only "a sheer possibility that the defendant acted unlawfully." *Id.* While a complaint need not contain detailed factual allegations to survive a Rule 12(b)(6) motion, "[a] pleading that offers labels

and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation and citations omitted). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Id.*

Courts are also not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Granting a motion to dismiss is appropriate only "when it is demonstrated beyond a doubt the plaintiff can prove no set of facts in support of [her] claim that would entitle [her] to relief." *Reeves v. DSI Sec. Servs.*, 331 Fed. App'x 659, 661 (11th Cir. 2009).

## DISCUSSION

### 1.     Claim Against the State of Alabama

Mims's Complaint asserts a claim against the State of Alabama under § 1983 for negligent hiring, retention, and failure to supervise and train its law enforcement officers, including Bogan. (Doc. #1, Count B.) The State of Alabama, however, is not an entity subject to suit under § 1983. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Cardwell v. Auburn Univ. Montgomery*, No. 2:12-cv-522-MEF, 2013 WL 1729952, at *5 (M.D. Ala. Apr. 22, 2013). Nor has the State of Alabama waived its sovereign immunity to such a claim under the Eleventh Amendment, and this immunity has not been abrogated by Congress. *See Toth v. City of Dothan*, 953 F. Supp. 1502, 1506 (M.D. Ala. 1996) (citing *Carr v. City of Florence*, 916 F.2d 1521, 1524 (11th Cir. 1990)). Indeed, Mims concedes that there is no legal basis for this claim and does not oppose its dismissal. Accordingly, Mims's § 1983 claim against the State of Alabama for negligent hiring,

retention, and failure to supervise and train its officers as asserted in Count B of the Complaint is DISMISSED.

### 2.     Official Capacity Claim Against Bogan

Although the Complaint appears to name Bogan as a defendant in his individual capacity (Doc. #1, ¶ 1(b)), Mims alleges in his state law battery claim that Bogan acted "in his personal capacity and official capacity as an agent of the Alabama ABC Board."[3] (Doc. #1, Count C, ¶ 12.)  As a result, Defendants seek dismissal of any official capacity claim against Bogan on the basis that such a claim is essentially a claim against the State of Alabama, which, as discussed above, is prohibited under § 1983 and the Eleventh Amendment.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Pennhurst*, 465 U.S. at 120 (noting that Eleventh Amendment immunity applies to state pendant claims as well).  Mims again concedes dismissal of any official capacity claims against Bogan.  Thus, to the extent any official capacity claims are asserted against Bogan in Mims's Complaint, those claims are DISMISSED.

### 3.     Injunctive Relief

In the Complaint's Prayer for Relief, Mims requests an "order enjoining Agent D.

---

[3] Mims states in his response to Defendants' Motion to Dismiss that it is "unclear what *official capacity* claims the Defendants are referring to because the complaint names Agent Bogan as a defendant in his *individual capacity*." (Doc. #13, ¶ 2.)  While it is true that the Complaint names Bogan as a defendant in his individual capacity, Defendants' view of the Complaint as asserting a state law battery claim against Bogan in his official capacity is not unfounded, and Mims's counsel would be well-served to pay closer attention to the allegations and language contained in his pleadings to avoid similar confusion in the future.

Bogan from serving as an agent for the any [sic] law enforcement agency that operate [sic] in a public school setting, as this poses a risk of danger to citizens." (Doc. #1, Prayer for Relief.) Defendants have interpreted this request as a claim for equitable relief in the form of an injunction against Bogan, and they seek dismissal of this claim for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. (Doc. #9.) However, in response to Defendants' Motion to Dismiss, Mims clarified that this request "was not meant to be construed as an official action or request for injunctive relief," thereby abandoning any injunctive relief claim against Bogan (to the extent one was asserted). Accordingly, any claim against Bogan for injunctive relief is DISMISSED.

### 4.     Fourth Amendment Excessive Force Claim

Mims's Complaint asserts two separate claims under § 1983 for excessive force and unlawful arrest in violation of his Fourth Amendment rights. (Doc. #1, Counts A & D.) Defendants seek dismissal of Mims's excessive force claim on the basis that it is entirely subsumed within his unlawful arrest claim, citing to *Gray ex rel. Alexander v. Bostic*, 458 F.3d 1295 (11th Cir. 2006), and *Bashir v. Rockdale County*, 445 F.3d 1323 (11th Cir. 2006). These two cases,[4] in particular *Bashir*, recognize that "where an excessive force claim is predicated *solely* on allegations the arresting officer lacked the power to make an arrest, the excessive force claim is entirely derivative of, and is subsumed within, the unlawful arrest claim." *Bashir*, 445 F.3d at 1333 (emphasis added).

---

[4] Notably, the claims in both *Gray* and *Bashier* were decided at the summary judgment, as opposed to motion to dismiss, stage.

9

This is markedly different from the claims alleged in Mims's Complaint. Unlike the plaintiff's claim in *Bashir*, the sole basis of Mims's excessive force claim is not that any force used by Bogan in making his arrest was excessive because the arrest itself was unlawful. If that were the case, Mims's excessive force claim could not proceed as a discrete constitutional violation, as it would be wholly dependent upon and inseparable from his unlawful arrest case. *See id.* In this case, however, Mims's excessive force claim is premised on allegations that, at some point after Mims's otherwise peaceful arrest (whether lawful or unlawful), Bogan, without provocation or reason, kicked Mims's legs out from underneath him and threw him onto the pavement, all while Mims was handcuffed, subdued, and not resisting. (Doc. #1.) In the Court's opinion, these allegations are sufficient to present an excessive force claim that is separate and independent from a claim as to whether Bogan had probable cause to arrest Mims in the first place. *See id.* ("When properly stated, an excessive force claim presents a discrete constitutional violation relating to the manner in which an arrest was carried out, and is independent of whether law enforcement had the power to arrest."). Therefore, Defendants' motion to dismiss Mims's excessive force claim as alleged in Count A of the Complaint is DENIED.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendants' Motion to Dismiss (Doc. #8) is GRANTED IN PART and DENIED IN PART as follows:

1. Defendants' Motion to Dismiss Mims's § 1983 claim against the State of Alabama for negligent hiring, retention, and failure to supervise and train its officers as

asserted in Count B of the Complaint is GRANTED, and this claim is DISMISSED WITH PREJUDICE;

2. Defendants' Motion to Dismiss any claims against Bogan in his official capacity, including Mims's state law battery claim (Count C), is GRANTED, and any official capacity claims against Bogan are DISMISSED WITH PREJUDICE;

3. Defendants' Motion to Dismiss any claim for injunctive relief against Bogan is GRANTED, and that claim is DISMISSED WITH PREJUDICE;

4. Defendants' Motion to Dismiss Mims's excessive force claim[5] as alleged in Count A of the Complaint is DENIED;

---

[5] The Court notes that because Defendants did not seek dismissal of Plaintiff's false arrest claim (Count D), the Court did not address the merits of this claim, and therefore, this decision does not affect Plaintiff's ability to proceed with litigating that claim.

5.     Defendant Bogan shall file an answer to the Complaint on or before July 16, 2013.

DONE this the 25th day of June, 2013.

      /s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE